CHARLES F. SCHRODER, APPELLEE, V. LOUISA SCHRADER
ET AL., APPELLANTS.

FILED JUNE 16, 1896.    No. 6749.

Partition of Half-Section of Land Into Four Equal Parts: DIVISION
AMONG WIDOW AND THREE CHILDREN: APPEAL BY WIDOW AND BY
ONE OF THE HEIRS. Evidence in the case examined, and *held* to
sustain the findings and decree.

APPEAL from the district court of Nuckolls county.
Heard below before HASTINGS, J.

*H. W. Short,* for appellants.

*R. D. Sutherland, contra.*

NORVAL, J.

On the 27th day of October, 1879, one August Schroder died intestate, leaving surviving him, a wife and three children. At the time of his death he was seized in fee-simple of 320 acres of land in Nuckolls county. The widow, Louisa Schroder, has since married one W. F. Schrader. This was an action by Charles F. Schroder, one of the heirs of the deceased, for a partition of said real estate. The court at the hearing found that said Louisa, as the widow of said deceased, was entitled to a dower interest in said premises, and, subject thereto, each of the three children, as heirs of said August Schroder, is the owner of the undivided one-third part of said real estate. A decree was entered confirming the shares of the respective parties, and that partition of the land be accordingly made. Referees were appointed to make such partition, who assigned to the widow, as her dower interest, the homestead eighty-acre tract, and allowed eighty acres of land to each of the three children. From an order confirming the report of the referees the widow and one Mary L. Schroder, one of the heirs, appeal.

The sole question is whether a fair and equitable division of the property has been made. The record discloses that the referees called upon the widow before the division was made and informed her of the manner of the partition and the tract they proposed to allot to each, and that she expressed herself as being entirely satisfied. While the eighty acres assigned to her constitutes only one-fourth of the acreage of the entire premises, there is evidence to show that it equals in value the one-third of the whole 320 acres. The part set off to her as dower being equal in value to one-third of the lands, she has no just cause to complain of the division.

It is claimed that the eighty acres allotted to Mary L. Schroder is rough and inferior land, not exceeding in value $1,000, while each of the tracts set off to the other two heirs is choice, smooth land and more valuable. Nu-

59

merous witnesses were examined upon this branch of the case, and the evidence adduced is very conflicting, but the preponderance of the testimony tends to establish that the tract set off to Mary L. Schroder has at least thirty acres of good farming land and the remainder is covered with a heavy growth of hardwood timber, capable of making 2,000 cords of wood; that the entire eighty acres is fully as valuable as either of the tracts assigned to the other children, and that no fairer or more equitable partition of the premises could have been made. The decree is accordingly

AFFIRMED.